**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **SHIRLEY J. HICKS**, <br><br> Defendant. | **Case No. 19-3106-01-CR-S-SRB** |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the following offenses: (1) conspiracy to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); (2) possession, with intent to distribute, 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f)(1)(C), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of

conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 50 grams or more of methamphetamine (actual), a crime for which a term of not less than 10 years and not more than life in prison is possible.

Section 3142(e) and (f)(1) provide a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above, or if the offense is one under Title 18, United States Code, Section 924(c). As set forth above, the defendant has been charged with a Controlled Substance offense carrying a statutory sentencing range of not less than 10 years and not more than life imprisonment. In addition, the defendant has been charged with an offense arising under Title 18, United States Code, Section 924(c). Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See United States v. Apker*, 964 F.2d 724, 744 (8th Cir. 1992); *see also United States v. Soto Rivera*, 581 F.Supp. 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offenses referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure her appearance or the safety of the community. *See Apker*, 964 F.2d at 743-44; *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

To further support the Government's contention that the defendant is a flight risk and a

2

danger to the safety of the community, the Government offers that:

1. On or about July 24, 2018, the defendant possessed approximately 14 pounds of methamphetamine, eight firearms, and $20,393 in U.S. currency;

2. During a post-*Miranda* interview, the defendant admitted that she had been distributing methamphetamine since at least 2016. She further admitted that she distributed two pounds of methamphetamine to co-defendant Fontella J. Noose every week for approximately one year, and one half pound quantities of methamphetamine to co-defendant Raymon F. Ortega every one to two months between the Summer of 2017 and his arrest in May 2018; and

3. Information obtained by law enforcement during the course of the investigation revealed that the defendant distributed significant amounts of methamphetamine to co-defendants Ortega, Noose, Jordan W. Gutierrez, and Shaun M. Ross during the scope of the conspiracy. During a post-*Miranda* interview, one co-defendant described the defendant as one of the largest sources of supply in the area prior to her arrest.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By   */s/ Jessica R. Keller*
Jessica R. Keller
Missouri Bar No. 69322
Special Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 27, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                  */s/ Jessica R. Keller*
                                  Jessica R. Keller
                                  Special Assistant United States Attorney